**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ANTHONY P. LANE                                                                                              PLAINTIFF

VS.                                                      4:06CV01266 WRW

ARKANSAS HOSPICE                                                                                        DEFENDANT

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 31), to which Plaintiff has responded (Doc. No. 36). The Motion is GRANTED.

**I.   BACKGROUND**

Defendant is a non-profit organization that provides hospice care to the terminally ill. Defendant, as a source of fund raising, operates resale shops where donated goods are sold to the public. In early December 2004, Plaintiff Anthony Lane, an African-American male, applied for the position of driver at Defendant Arkansas Hospice.[1]

He, however, was not hired for that position. Defendant contends that Plaintiff was not hired for the position because he did not maintain a driver's automobile liability insurance policy.[2] Instead, Plaintiff was hired as an assistant for the driver on or about December 18, 2004. Plaintiff's job duties were to assist the driver of a delivery truck on runs to load and unload donated goods. He was required work twelve hours per week at the rate of $7.00 per hour.[3]

---

[1] Doc. No. 2.

[2] Doc. No. 32.

[3] Doc. No. 2.

1

On or about December 21, 2004, Robert Engle, a white male, applied for the position of driver. Mr. Engle was hired for the position of driver. He was required to work 20 hours per week at $7.50 per hour. Mr. Engle had and maintained a personal driver's policy of automobile insurance at all relevant times.[4]

Defendant has a policy to evaluate employees after one year for purposes of granting merit pay increases. The evaluation covers eleven areas on a scale of one to five, with five being the best score.[5] Defendant uses a standard formula to determine the size of an employee's merit raise. For example, if the employee's average score is between 4.0 and 4.4, the employee is entitled to a 3.5% raise; if the employee's average score is between 4.5 and 4.9, the employee is entitled to a 4.0% raise.[6]

Plaintiff and Mr. Engle were evaluated in December 2005, by their supervisor, Rachel Hawkins, an African-American. Mr. Lane's average score was 4.3; Mr. Engle's average score was 4.5. Accordingly, Mr. Lane received a 3.5% raise while Mr. Engle received a 4.0% raise.[7]

Plaintiff did not complain to management that he was being subjected to racial slurs until he filed his Equal Employment Opportunity Commission ("EEOC") charge on or about June 7, 2006. The EEOC later issued a "Dismissal and Notice of Rights" on June 16, 2006. Plaintiff filed this case on September 11, 2006.[8]

---

[4]Doc. No. 31.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]Doc. No. 2.

In his EEOC charge, Plaintiff alleged that Ms. Hawkins and Mr. Engles used racial slurs against him. Defendant investigated these allegations, but found no evidence that confirmed the allegations. Defendant also contends that all employees were made aware of Defendant's policies prohibiting racial slurs and any other kind of discriminatory treatment of employees.[9]

Plaintiff alleges that Defendant discriminated against him based on his race, sex, and age in four ways: (1) he was paid less than Mr. Engles based on his race or age; (2) he was not given as large of a raise as Mr. Engle because of his race or age; (3) he was not allowed to work as many hours as Mr. Engle because of his race or age; and (4) he was subjected to racial slurs, creating a hostile or abusive work environment, because of his race, sex, or age.[10]

Defendant argues that the statute of limitation imposed by 42 U.S.C. 2000e-5(e)(1) has run, and therefore, he is time barred from being this claim in federal court. In order to bring suit in federal court, Plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment action occurred. Defendant also argues that even if Plaintiff is allowed to equitably toll the statute of limitation, Plaintiff has not established a *prima facie* case of discrimination.

## II.    STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[11] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[9]Doc. No. 32.

[10]Doc. No. 2.

[11]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[12]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[13] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[14] I must view the facts in the light most favorable to the party opposing the motion.[15] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[16]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[17]

---

[12]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[13]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[14]*Id.* at 728.

[15]*Id.* at 727-28.

[16]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[17]*Anderson*, 477 U.S. at 248.

### III.  DISCUSSION

    A.  **Plaintiff's Claims are Barred Because They are Untimely**

Plaintiff applied for the driver position on December 3, 2004, but he was not hired. Instead, Plaintiff was hired as the assistant of the driver on or about December 4, 2004.

In order to bring suit a Title VII suit in federal court, Plaintiff must first file an administrative charge with the EEOC[18] within 180 days after the "alleged unlawful employment action occurred."[19] Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify,[20] and are considered completed acts at the time they occur and do not constitute continuing violations.[21] Thus, the time for filing an EEOC charge runs from the date of a discriminatory act. All such discriminatory acts that occurred more than 180 days before the filing of the charge are time-barred under Title VII.[22]

Plaintiff filed his EEOC claim on June 7, 2006 alleging discrimination based on his hiring as the driver's assistant and because of his shorter work week. He filed these charges more than nineteen months after he was rejected for the driver position. Moreover, Plaintiff failed to timely file his EEOC charge after his job evaluation and pay increase, or 194 days beyond the statute of limitations. Thus, these charges are time-barred under Title VII.

---

[18] 42 U.S.C. § 2000e-5(e)(1).

[19] *Id.*

[20] *AMTRAK v. Morgan*, 536 U.S. 101, 122 (2002).

[21] *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 229 (8th Cir. 1996).

[22] *Robinson v. Sears, Roebuck & Co.*, 111 F.Supp.2d 1101, 1117 (E.D. Ark. 2000).

Equitable tolling may be applied to the filing of an EEOC claim.[23]  However, equitable tolling is "an exception to the rule, and should therefore be used only in exceptional circumstances."[24]  In the present case, Plaintiff has not presented any evidence which would support an argument of equitable tolling.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED as to his claim that he was paid less because of his race and age, his claim that he did not receive as large of a raise because of his race or age, and his claim that he was not allowed to work as many hours as because of his race or age**.**

### B.  Plaintiff's Hostile Work Environment Claim

Plaintiff could proceed with his claim of a hostile work environment.  The Supreme Court has held that an individual can recover for acts occurring outside the statutory time period if at least one act occurred with the time period and the acts were part of the same hostile work environment.[25]  The Court reasoned that hostile environment claims are different from discrete acts since their very nature involves repeated conduct.[26]

In order to determine whether an actionable hostile work environment claim exists, I must examine "all the circumstances," including "the frequency of the discriminatory conduct;

---

[23]*Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998).

[24]*Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995).

[25]*AMTRAK*, 536 U.S. at 126.

[26]*Id*. at 115.

its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[27]

To support his claim of a hostile work environment, Plaintiff alleges that Mr. Hawkins said that black men are not reliable workers on a monthly basis.[28] However, Ms. Hawkins rated Plaintiff excellent or above average in his performance reviews.

Plaintiff also alleges that Mr. Engel made a racial slur. While sorting donations together, they came across three ceramic monkeys illustrating "see no evil, hear no evil, speak no evil." Plaintiff wanted to keep it for resale in the shop; Mr. Engle, however, thought it was worthless and inappropriate. Mr. Engle then allegedly expresses his decision to throw the objects away by saying, "they do not want any monkeys around here." Plaintiff thought this statement was a racial slur.

Defendant and it's employees deny these racial comments occurred. Plaintiff did not complain to management about this alleged comments, and he continued to work for Defendant as well. Plaintiff also stated that these comments did not affect his ability to perform his job.

These allegations to do not create an objectively hostile or abusive work environment. These comments, if they were made, appear to be offensive utterances, but they do not rise to the level of a hostile work environment since they did not interfere with Plaintiff's work performance. Further, none of the alleged comments were directed at Plaintiff.

Since Plaintiff has not shown that the alleged comments created a hostile work environment, Defendant's Motion for Summary Judgment is GRANTED.

---

[27] *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

[28] Doc. No. 32.

## IV.     CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. 31) is GRANTED.

IT IS SO ORDERED this 18th day of March, 2008.


                                                              /s/Wm. R. Wilson, Jr.
                                                        UNITED STATES DISTRICT JUDGE